GARY J. SMITH (S.B. #141393)
gsmith@bdlaw.com
JACOB P. DUGINSKI (S.B. #316091)
jduginski@bdlaw.com
BEVERIDGE & DIAMOND P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 262-4000

JAMES B. SLAUGHTER (*pro hac vice* application forthcoming)
jslaughter@bdlaw.com
MEGAN L. MORGAN (*pro hac vice* application forthcoming)
mmorgan@bdlaw.com
BEVERIDGE & DIAMOND P.C.
1900 N Street, N.W., Suite 100
Washington, DC 20036
Telephone: (202) 789-6000

*Attorneys for Defendants Chiquita Canyon, LLC, Waste Connections of California, Inc., Waste Connections Management Services, Inc., and Waste Connections US, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STEVEN HOWSE, CHRISTIAN OLAGUEZ, SARAH OLAGUEZ, ELIZABETH LEAL-PEREZ, HOLLY KAUFMANN, AMY KNOLES, STEVEN LEE, CHRISTINA ORELLANA, GUILLERMO ORELLANA, FRAN CANTELLA, VINCENT CANTELLA, ROMEO WALTER CENTENO, AMBER ENZEN, WENDY DAVILA, SUSAN M. EVANS, LIONESS-SIA KAMARA, DARYL KRATZ, TRACY SEQUEIRA, CARMEN GONZALEZ, GAVIN TATE, NATALIE TATE, PARKER TATE, THOMAS TATE, | Case No.<br><br>**DEFENDANT CHIQUITA CANYON LLC, WASTE CONNECTIONS OF CALIFORNIA, INC., WASTE CONNECTIONS MANAGEMENT SERVICES, INC. AND WASTE CONNECTIONS US, INC.'S NOTICE REMOVAL**<br><br>**(Los Angeles County Superior Court Case No.: 23STCV20524**)<br><br>Action Filed: August 25, 2023 |

-1-
NOTICE OF REMOVAL
*Howse, et al. v. Chiquita Canyon, LLC, et al.*

|   |   |
|---|---|
| 1 | ALICIA HERNANDEZ, SUE HERNANDEZ, RON CUNNINGHAM, individually, and on behalf of other members of the general public similarly situated; |
| 2 | |
| 3 | |
| 4 | Plaintiffs, |
| 5 | v. |
| 6 | CHIQUITA CANYON, LLC; WASTE CONNECTIONS OF CALIFORNIA, INC.; WASTE CONNECTIONS MANAGEMENT SERVICES, INC.; WASTE CONNECTIONS US, INC.; LOS ANGELES COUNTY and DOES 1 through 50, Inclusive. |
| 7 | |
| 8 | |
| 9 | |
| 10 | Defendants. |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants Chiquita Canyon, LLC ("Chiquita"), Waste Connections of California, Inc. ("WC-California"), Waste Connections Management Services, Inc. ("WC-Management Services"), and Waste Connections US, Inc. ("WC-US") (collectively, "Defendants")[1] remove this case from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, Western

---

[1] Defendants WC-California, WC-Management Services and WC-US have not been served. Out of an abundance of caution, Defendants WC-California, WC-Management Services, and WC-US join in this notice of removal, while reserving all rights to challenge service and service of process.

-2-
NOTICE OF REMOVAL
*Howse, et al. v. Chiquita Canyon, LLC, et al.*

Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As grounds for removal, Defendants state the following:

## PRIOR PROCEEDINGS IN STATE COURT

1. Plaintiffs filed the Complaint in this putative class action on August 25, 2023, in the Superior Court for the County of Los Angeles, California, Case Number 23STCV20524 ("State Court Action").[2] A true and correct copy of the Complaint in the State Court Action is attached as Exhibit A. True and correct copies of all other filings in the State Court Action are attached as Exhibit B.

2. Plaintiffs' Complaint alleges that Defendants failed to properly construct, maintain, and operate the landfill owned by Chiquita (the "Landfill") and as a result, noxious pollutants and air contaminants that originated from the Landfill entered Plaintiffs' property and injured Plaintiffs and the putative class members.

3. Plaintiffs' Complaint asserts the following four causes of action: (1) public nuisance; (2) private nuisance; (3) negligence/gross negligence; and (4) trespass. *See* Ex. A, ¶¶ 104-147.

---

[2] Plaintiffs in this matter are: Steven Howse, Christian Olaguez, Sarah Olaguez, Elizabeth Leal-Perez, Holly Kaufmann, Amy Knoles, Steven Lee, Christina Orellana, Guillermo Orellana, Fran Cantella, Vincent Cantella, Romeo Walter Centeno, Amber Enzen, Wendy Davila, Susan M. Evans, Lioness-Sia Kamara, Daryl Kratz, Tracy Sequeira, Carmen Gonzalez, Gavin Tate, Natalie Tate, Parker Tate, Thomas Tate, Alicia Hernandez, Sue Hernandez and Ron Cunningham (collectively, the "Plaintiffs").

4. In the Complaint, Plaintiffs request injunctive relief, including, without limitation, closure of the Landfill, as well as compensatory and punitive damages and attorney fees awarded against the Defendants. *See* Ex. A, Prayer for Relief.

5. Defendant Chiquita Canyon, LLC was served with the Complaint on September 5, 2023. *See* Ex. K, at 112-15.

6. Defendants WC-California, WC-Management Services and WC-US have not been served.

7. The Notice of Removal is timely under 28 U.S.C. § 1446(b).

8. The removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of California for the County of Los Angeles, where this action was originally filed, is within the federal judicial district for the Central District of California, Western Division.

**ALL STATUTORY REQUIREMENTS FOR REMOVAL ARE MET**

9. This Court has subject matter jurisdiction over this civil action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which provides that a putative class action may be removed on the basis of diversity jurisdiction where:

   a. The suit is a class action "filed under rule 23 of the Federal Rules of Civil Procedure or a similar State statute," 28 U.S.C. § 1332(d)(1)(B);

b. "[A]ny member of a class of plaintiffs is a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A);

c. The class members' claims, in aggregate, exceed the sum or value of $5,000,000.00 exclusive of interests and costs, *id.* §§ 1332(d)(2) & 1332(d)(6); and

d. The number of members of the proposed class exceeds 100, *id.* § 1332(d)(5)(B).

**A. This case is a "class action" as defined by CAFA.**

10.  CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

11.  Plaintiffs bring this action as a putative class action under California Code of Civil Procedure section 382. Ex. A, at ¶ 2. Section 382 is similar to Federal Rule of Civil Procedure 23. *In re Tobacco II Cases*, 46 Cal. 4th 298, 318, (2009) (requirements for class certification under Section 382 of the Code of Civil Procedure are "analogous" to those set forth in Rule 23 of the Federal Rules of Civil Procedure); *see also Huckleby v. Manpower, Inc.*, No. CV-10-5486-DSF, 2010 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010) (case is considered a class action under CAFA because it was originally filed in state court under California

NOTICE OF REMOVAL
*Howse, et al. v. Chiquita Canyon, LLC, et al.*

Code of Civil Procedure section 382). This case is therefore a "class action" as defined by CAFA.

**B. Plaintiffs and Defendants Chiquita, WC-Management Services and WC-US are citizens of different states.**

12. CAFA requires minimal diversity, which is established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. Under 28 U.S.C. § 1332(c)(1), a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."

14. A limited liability company is a citizen of every state of which each of its members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

15. The principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . and in practice it should normally be the place where the corporation maintains its headquarters . . . *i.e.,* the 'nerve center'." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

16. Chiquita Canyon, LLC is a limited liability company. Chiquita Canyon, LLC is organized under the laws of Delaware and its principal place of business is The Woodlands, Texas. *See* Ex. C.

17. The sole member of Chiquita Canyon, LLC is Chiquita Canyon, Inc. Chiquita Canyon, Inc. is incorporated in Delaware with its principal place of business located in The Woodlands, Texas. *See* Ex. D.

18. Waste Connections of California, Inc. is incorporated in California with its principal place of business located in The Woodlands, Texas. *See* Ex. E.

19. Waste Connections Management Services, Inc. is incorporated in Delaware with its principal place of business located in The Woodlands, Texas. *See* Ex. F.

20. Waste Connections US, Inc. is incorporated in Delaware with its principal place of business located in The Woodlands, Texas. *See* Ex. G.

21. Los Angeles County is a body corporate and politic, and political subdivision of the state of California. California Government Code §23003.

22. Plaintiffs are all residents and homeowners in the Val Verde, Hasley Canyon, Hasley Hills, Hillcrest, Live Oak and Williams Ranch communities (the "Putative Class Area") in Los Angeles County, California. Ex. A, at ¶¶ 6-25, 92 (stating that each named Plaintiff is a resident of one of the communities listed above). One's place of permanent residence is generally also the place of domicile,

absent additional facts demonstrating an intent to be domiciled elsewhere. *Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223 (9th Cir. 2019) ("A 'natural person's state citizenship is [ ] determined by her state of domicile, not her state of residence.'").

23. CAFA's diversity requirement is satisfied because there is minimal diversity of citizenship between the named Plaintiffs and named Defendants.

**C. WC-California and Los Angeles County are Fraudulently Joined**

24. The only non-diverse Defendants, WC-California and Los Angeles County are fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (fraudulent joinder exists where "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."); *Salkin v. United Services Auto. Ass'n*, 767 F.Supp.2d 1062, 1069 (C.D. Cal. 2011) (resident parent company had been fraudulently joined because it could not be held liable for the actions of the diverse wholly-owned subsidiary).

25. Chiquita Canyon, LLC is the owner and operator of the Chiquita Canyon Landfill. Ex. H, at ¶ 2. WC-California has no corporate relationship with Chiquita Canyon, LLC other than sharing an ultimate corporate parent. Ex. I, at ¶ 7. WC-California operates multiple hauling, recycling, and transfer station facilities in California, but has no involvement with the Chiquita Canyon Landfill.

*Id.* at ¶¶ 6, 8. WC-California does not exert control over Chiquita or the Landfill, and does not engage in oversight, management or direction of Chiquita or the Landfill. *Id.* at ¶ 9. Plaintiffs have not raised a plausible claim against WC-California.

26. Under California Government Code § 815, Los Angeles County cannot be held liable for an injury unless provided for by statute. Plaintiffs have not raised a plausible claim against Los Angeles County.

27. Absent the fraudulent joinder of Defendants WC-California and Los Angeles County, complete diversity exists between the Plaintiffs and the Defendants.

**D. The putative class includes at least 100 members.**

28. CAFA applies to class actions that are comprised of 100 or more class members. 28 U.S.C. § 1332(d)(5)(B).

29. Plaintiffs seek to bring this action on behalf of a class consisting of "all persons who rented or were owner-occupants of any housing unit located in whole or in part within the [Val Verde, Hasley Hills, Hasley Canyon, Hillcrest, Live Oak and Williams Ranch neighborhoods] at any time since 1972." Ex. A, at ¶ 92. Plaintiffs further state that "[u]pon information and belief, there are over 5,000 residents within a 3-mile radius of the landfill." Ex. A, at ¶ 94.

30. According to 2020 United States Census data, the population of these neighborhoods for which data is available is as follows:

    a. Val Verde: 2,399

    b. Hasley Canyon: 1,195

    c. Hillcrest: 10,528

    d. Live Oak: 17,038. *See* Ex. J.

31. Even assuming the entirety of these neighborhoods is not within the alleged 3-mile radius from the landfill constituting the putative class area, it is reasonable to conclude that the purported class includes over 5,000 residents.

32. Based on the allegations in the Complaint, the number of members of the proposed class is well over 100.

**E. The amount in controversy exceeds $5,000,000.00.**

33. CAFA provides for original jurisdiction where the amount in controversy "exceeds $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

34. The notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of $5,000,000. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) ("[A]

removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions . . . [with] . . . some reasonable ground underlying them.'") (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015)). In determining whether the amount in controversy exceeds the $5,000,000 jurisdictional threshold, the appropriate measure is the "amount *at stake* in the underlying litigation," which refers to "possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2022).

35. The Complaint here pleads an amount in controversy that exceeds $5,000,000. Plaintiffs allege that by constructing, expanding and negligently operating the Landfill, Defendants have caused the Landfill to emit noxious pollutants and contaminants, which have (i) caused harm to the Plaintiffs and putative class members; (ii) impacted the Plaintiffs' and putative class members' overall use and enjoyment of their land; and (iii) created an unreasonable risk of foreseeable harm by causing an invasion of the Plaintiffs' and putative class members' property by such noxious pollutants and contaminants. Ex. A, at ¶¶ 106-108; 119; 123; 127-128; 131-132; 135; 139-140; 145. The Complaint, accordingly, asserts four claims (by 26 Plaintiffs and on behalf of the more than 5,000 proposed class members) for private nuisance, public nuisance, negligence/gross negligence and trespass. Ex. A, at ¶¶ 104-147. For the alleged harm, Plaintiffs seek

compensatory and punitive damages, and attorney fees and costs for the Plaintiffs and the putative class members. Ex. A, at ¶¶ 113; 124; 136; 146; Prayer for Relief.

36. Total compensatory and punitive damages sought by each Plaintiff and the more than 5,000 proposed class members is in excess of $5,000,000. The amount of damages would only need to be $1,000 for each of the 5,000 proposed class members to satisfy the jurisdictional amount in controversy requirement, and the amount put in controversy by the Complaint here well exceeds that.

37. Comparable judgments and settlement awards in recent nuisance cases premised on noxious pollutants and air contaminants demonstrate that the damages in such cases can be significant. *See, e.g.*, *Jacobs v. Murphy-Brown LLC*, No. 7:14-CV-237-BR, 2018 WL 4186009 (E.D.N.C. Aug. 3, 2018) (six plaintiffs in nuisance case against hog farm each awarded between $3.5 million and $5 million in compensatory damages, in addition to punitive damages three times the actual damages); *Babb v. Lee Cnty. Landfill SC*, No. 3:10-cv-01724, 2012 WL 1227612 (D.S.C. March 30, 2012) (six plaintiffs in landfill nuisance case each received actual damage awards ranging from $77,500 to $100,000 and an additional $300,000 in punitive damages); *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 949 (4th Cir. 2020) (ten plaintiffs in nuisance case against neighboring hog farm each received $75,000 award, plus $5,000,000 in punitive damages).

38. Plaintiffs further seek injunctive relief, including closure of the Landfill. Ex. A, Prayer for Relief, ¶ 1 (requesting injunctive relief which would include closure of the Landfill and an implementation of a closure plan). An exact estimate of any potential injunction's value is not possible, but on information and belief and in light of Plaintiffs' request to close the Landfill and implement a closure plan, such injunctive relief would be enormous and well beyond $5,000,000. For example, in 2022, the Landfill accepted 2,591,745 tons of waste. Ex. H, at ¶ 4. Based on a conservative market tip fee of approximately $31 per ton for municipal solid waste, the Landfill would experience an annual loss of revenue of over $80 million. *Id*. at ¶ 5. The amount in controversy is readily satisfied.

39. Although liability and damages are denied, Plaintiffs have pled sufficient facts to satisfy the $5,000,000 jurisdictional amount in controversy requirement.

40. Defendants hereby remove the above-captioned case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

| | |
|---|---|
| Dated: October 4, 2023 | Respectfully submitted: |
| | BY:   /s/ Jacob P. Duginski |

GARY J. SMITH (S.B. #141393)
gsmith@bdlaw.com
JACOB P. DUGINSKI (S.B. #316091)
jduginski@bdlaw.com
BEVERIDGE & DIAMOND P.C.
456 Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 262-4000

JAMES B. SLAUGHTER (*pro hac vice* application forthcoming)
jslaughter@bdlaw.com
MEGAN L. MORGAN (*pro hac vice* application forthcoming)
mmorgan@bdlaw.com
BEVERIDGE & DIAMOND P.C.
1900 N Street, N.W., Suite 100
Washington, DC 20036
Telephone: (202) 789-6000

*Attorneys for Defendants Chiquita Canyon, LLC, Waste Connections of California, Inc., Waste Connections Management Services, Inc., and Waste Connections US, Inc.*